KAREN L. BASHOR, ESQ.
Nevada Bar No. 11913
CHRISTOPHER D. PHIPPS, ESQ.
Nevada Bar No. 3788
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119
(702) 727 1264; FAX (702) 727 1401
Karen.Bashor@wilsonelser.com
Christopher.Phipps@wilsonelser.com
*Attorneys for Defendant AMAZON.COM, INC.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROGER LARGAESPADA, individually; JOSE ORLANDO LARGAESPADA, individually; IRENE LARGAESPADA, individually; GLORIA RUTH LARGAESPADA, individually,<br><br>    Plaintiffs,<br><br>    vs.<br><br>VOKHIDZMON ABDUKARIMOV, an individual; OXOS, LLC, a foreign corporation; AMAZON.COM, INC., a foreign corporation; INKAS, LLC, a foreign corporation; BXT, INC., an Illinois corporation; DOES 1 through 20, and ROE CORPORATIONS 1 through 20, inclusive,<br><br>    Defendants.<br>_____<br>AMAZON.COM, INC., a foreign corporation,<br><br>    Cross-Claimant,<br><br>    v.<br><br>VOKHIDZMON ABDUKARIMOV, and individual; OXOS, LLC, a foreign limited liability company; BXT, INC., a foreign corporation; INKAS, LLC, a foreign limited liability company, inclusive,<br><br>    Cross-Defendants. | CASE NO. :  2:23-cv-00609<br><br><br>**AMAZON.COM, INC.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND CROSS-CLAIM** |

Defendant, AMAZON.COM, INC. (hereinafter "Amazon") by and through its attorneys of

record, Karen L. Bashor and Christopher D. Phipps, of the law firm of Wilson, Elser, Moskowitz,

282063688v.1

Edelman & Dicker, LLP, and in response to Plaintiffs' Amended Complaint on file herein admits, denies and alleges as follows.

Pursuant to F.R.C.P. 8(b), Amazon denies generally each and every allegation of matter, fact and thing against it contained in Plaintiffs' Amended Complaint, unless otherwise admitted or qualified as set forth below:

## I. __PARTIES__

1.    Answering Paragraph 1 of Plaintiffs' Amended Complaint, Amazon is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations contained therein.

2.    Answering Paragraph 2 of Plaintiffs' Amended Complaint, Amazon is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations contained therein.

3.    Answering Paragraph 3 of Plaintiffs' Amended Complaint, Amazon is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations contained therein.

4.    Answering Paragraph 4 of Plaintiffs' Amended Complaint, Amazon denies the allegations contained therein.

5.    Answering Paragraph 5 of Plaintiffs' Amended Complaint, Amazon is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations contained therein.

6.    Answering Paragraph 6 of Plaintiffs' Amended Complaint, Amazon is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations contained therein.

7.    Answering Paragraph 7 of Plaintiffs' Amended Complaint, Amazon admits the allegations contained therein.

8.    Answering Paragraph 8 of Plaintiffs' Amended Complaint, Amazon is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations contained therein.

9.      Answering Paragraph 9 of Plaintiffs' Amended Complaint, Amazon is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations contained therein.

10.      Answering Paragraph 10 of Plaintiffs' Amended Complaint, Amazon states that this paragraph contains purported legal conclusions and/or statements or recitations of law, rather than allegations, and as such no response is required.  To the extent that a response is deemed necessary, Amazon is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations contained therein.

<u>GENERAL ALLEGATIONS</u>

11.      Answering Paragraph 11 of Plaintiffs' Amended Complaint, Amazon repeats and incorporates herein by reference each and every answer above as if it were set forth at length herein

12.      Answering Paragraph 12 of Plaintiffs' Amended Complaint, Amazon is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations contained therein.

13.      Answering Paragraph 13 of Plaintiffs' Amended Complaint, Amazon is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations contained therein.

14.      Answering Paragraph 14 of Plaintiffs' Amended Complaint, Amazon is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations contained therein.

15.      Answering Paragraph 15 of Plaintiffs' Amended Complaint, Amazon is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations contained therein.

16.      Answering Paragraph 16 of Plaintiffs' Amended Complaint, Amazon admits the allegations contained therein upon information and belief.

17.      Answering Paragraph 17 of Plaintiffs' Amended Complaint, Amazon denies any employer/employee, master/servant, principal/agent, or contractual relationship with Defendants VOKHIDZMON ABDUKARIMOV, OXOS, LLC, or BXT, INC., and denies each and every

282063688v.1

allegation contained therein.

18.    Answering Paragraph 18 of Plaintiffs' Amended Complaint, Amazon denies the allegations contained therein directed to Amazon.

19.    Answering Paragraph 19 of Plaintiffs' Amended Complaint, Amazon is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations contained therein.

20.    Answering Paragraph 20 of Plaintiffs' Amended Complaint, Amazon denies any employer/employee, master/servant, or principal/agent relationship with Defendants VOKHIDZMON ABDUKARIMOV, OXOS, LLC, INKAS, LLC, or BXT, INC.    Answering further, Amazon denies any ownership interest or control over the tractor motor vehicle unit operated by Defendant VOKHIDZMON ABDUKARIMOV.    Answering further, Amazon denies the allegations contained therein.

21.    Answering Paragraph 21 of Plaintiffs' Amended Complaint, Amazon denies the allegations contained therein.

22.    Answering Paragraph 22 of Plaintiffs' Amended Complaint, Amazon denies the allegations contained therein.

23.    Answering Paragraph 23 of Plaintiffs' Amended Complaint, Amazon states that this paragraph contains no allegations directed to Amazon and on that basis, Amazon denies the allegations contained therein.

24.    Answering Paragraph 24 of Plaintiffs' Amended Complaint, Amazon denies any employer/employee, master/servant, or principal/agent relationship with Defendants VOKHIDZMON ABDUKARIMOV, OXOS, LLC, INKAS, LLC, or BXT, INC.    Answering further, Amazon states that denies the allegations therein directed to Amazon.

25.    Answering Paragraph 25 of Plaintiffs' Amended Complaint, Amazon states that this paragraph contains no allegations directed to Amazon and on that basis, Amazon denies the allegations contained therein.

. . .

FIRST CAUSE OF ACTION

26.     Answering Paragraph 26 of Plaintiffs' Amended Complaint, Amazon repeats and incorporates herein by reference each and every answer above as if it were set forth at length herein.

27.     Answering Paragraph 27 of Plaintiffs' Amended Complaint, Amazon is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations contained therein.

28.     Answering Paragraph 28 of Plaintiffs' Amended Complaint, Amazon is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations contained therein.

29.     Answering Paragraph 29 of Plaintiffs' Amended Complaint, Amazon is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations contained therein.

30.     Answering Paragraph 30 of Plaintiffs' Amended Complaint, Amazon denies any employer/employee, master/servant, or principal/agent relationship with Defendants VOKHIDZMON ABDUKARIMOV, OXOS, LLC, INKAS, LLC, or BXT, INC.   Answering further, Amazon denies any ownership interest or control over the tractor motor vehicle unit operated by Defendant VOKHIDZMON ABDUKARIMOV.   Answering further, Amazon is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations contained therein.

31.     Answering Paragraph 31 of Plaintiffs' Amended Complaint, Amazon states that this paragraph contains purported legal conclusions and/or statements or recitations of law, rather than allegations, and as such no response is required.  To the extent that a response is deemed necessary, Amazon is denies the allegations contained therein.

32.     Answering Paragraph 32 of Plaintiffs' Amended Complaint, Amazon denies the allegations contained therein.

33.     Answering Paragraph 33 of Plaintiffs' Amended Complaint, Amazon denies the allegations contained therein.

34.     Answering Paragraph 34 of Plaintiffs' Amended Complaint, Amazon denies the

282063688v.1

allegations contained therein.

35.    Answering Paragraph 35 of Plaintiffs' Amended Complaint, Amazon denies the allegations contained therein.

SECOND CAUSE OF ACTION

36.    Answering Paragraph 36 of Plaintiffs' Amended Complaint, Amazon repeats and incorporates herein by reference each and every answer above as if it were set forth at length herein.

37.    Answering Paragraph 37 of Plaintiffs' Amended Complaint, Amazon denies any employer/employee, master/servant, or principal/agent relationship with Defendants VOKHIDZMON ABDUKARIMOV, OXOS, LLC, INKAS, LLC, or BXT, INC.  Answering further, Amazon denies any ownership interest or control over the tractor motor vehicle unit operated by Defendant VOKHIDZMON ABDUKARIMOV.  Answering further, Amazon denies the allegations contained therein directed at Amazon.

38.    Answering Paragraph 38 of Plaintiffs' Amended Complaint, Amazon denies any employer/employee, master/servant, or principal/agent relationship with Defendants VOKHIDZMON ABDUKARIMOV, OXOS, LLC, INKAS, LLC, or BXT, INC.  Answering further, Amazon denies any ownership interest or control over the tractor motor vehicle unit operated by Defendant VOKHIDZMON ABDUKARIMOV.  Answering further, Amazon denies the allegations contained therein directed at Amazon.

39.    Answering Paragraph 39 of Plaintiffs' Amended Complaint, Amazon denies any employer/employee, master/servant, or principal/agent relationship with Defendants VOKHIDZMON ABDUKARIMOV, OXOS, LLC, INKAS, LLC, or BXT, INC.  Answering further, Amazon denies any ownership interest or control over the tractor motor vehicle unit operated by Defendant VOKHIDZMON ABDUKARIMOV.  Answering further, Amazon denies the allegations contained therein directed at Amazon.

40.    Answering Paragraph 40 of Plaintiffs' Amended Complaint, Amazon denies each and every allegation contained therein.

41.    Answering Paragraph 41 of Plaintiffs' Amended Complaint, Amazon denies each and every allegation contained therein.

282063688v.1

42.    Answering Paragraph 42 of Plaintiffs' Amended Complaint, Amazon denies each and every allegation contained therein.

43.    Answering Paragraph 43 of Plaintiffs' Amended Complaint, Amazon denies each and every allegation contained therein.

THIRD CAUSE OF ACTION

44.    Answering Paragraph 44 of Plaintiffs' Amended Complaint, Amazon repeats and incorporates herein by reference each and every answer above as if it were set forth at length herein.

45.    Answering Paragraph 45 of Plaintiffs' Amended Complaint, Amazon denies any employer/employee, master/servant, or principal/agent relationship with Defendants VOKHIDZMON ABDUKARIMOV, OXOS, LLC, INKAS, LLC, or BXT, INC.    Answering further, Amazon denies the allegations contained therein directed at Amazon.

46.    Answering Paragraph 46 of Plaintiffs' Amended Complaint, Amazon denies any employer/employee, master/servant, or principal/agent relationship with Defendants VOKHIDZMON ABDUKARIMOV, OXOS, LLC, INKAS, LLC, or BXT, INC.    Answering further, Amazon denies the allegations contained therein directed at Amazon.

47.    Answering Paragraph 47 of Plaintiffs' Amended Complaint, Amazon denies each and every allegation contained therein.

48.    Answering Paragraph 48 of Plaintiffs' Amended Complaint, Amazon denies each and every allegation contained therein.

49.    Answering Paragraph 49 of Plaintiffs' Amended Complaint, Amazon denies any employer/employee, master/servant, or principal/agent relationship with Defendants VOKHIDZMON ABDUKARIMOV, OXOS, LLC, INKAS, LLC, or BXT, INC.    Answering further, Amazon denies any vicarious liability for the conduct of Defendant VOKHIDZMON ABDUKARIMOV or Defendants OXOS, LLC, INKAS, LLC, or BXT, INC.

50.    Answering Paragraph 50 of Plaintiffs' Amended Complaint, Amazon is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations contained therein.

51.    Answering Paragraph 51 of Plaintiffs' Amended Complaint, Amazon denies each and

every allegation contained therein.

52.    Answering Paragraph 52 of Plaintiffs' Amended Complaint, Amazon denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have suffered no damages.

### THIRD AFFIRMATIVE DEFENSE

The relief sought by Plaintiffs is barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not well grounded in fact and are not warranted by existing law or good faith argument for the extension or modification of existing law but pursued only for the purpose of harassment, unnecessary delay, and the incurrence of needless cost of litigation to Amazon.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries and damages, if any, were caused by the acts and failures to act of third-persons and/or entities other than Amazon and for whom Amazon cannot be held legally liable.

### SIXTH AFFIRMATIVE DEFENSE

The damages referred to in Plaintiffs' Amended Complaint, and each and every purported claim for relief contained therein, were proximately caused or contributed to by the negligence of persons and/or entities other than Amazon in failing to exercise the proper care that a prudent person under the same or similar circumstances would have exercised, and/or by the wrongful acts of person and/or entities other than Amazon, and if Amazon acted in any manner negligently or wrongfully (which supposition is made only for purposes of this defense, without admitting same to be true), the aforesaid negligence and/or wrongful acts of persons and/or entities other than Amazon constituted an intervening and superseding cause of the damages alleged in Plaintiffs' Amended Complaint.

. . .

282063688v.1

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' injuries and damages, if any, may have resulted, in whole or in part, from Plaintiffs' pre-existing or unrelated medical, genetic, or environmental conditions, diseases, or illnesses, or through natural causes, or through an unforeseeable idiosyncratic reaction peculiar to the Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' injuries and damages, if any, were pre-existing and/or caused by a subsequent accident or incident.

**NINTH AFFIRMATIVE DEFENSE**

At all times pertinent hereto, Amazon exercised such reasonable care and diligence in the performance of its duties as is ordinarily exercised by other persons and/or entities in similar circumstances and under like or similar circumstances.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because at all times mentioned in the Complaint, Amazon acted in a manner authorized and/or required by law.

**ELEVENTH AFFIRMATIVE DEFENSE**

The injuries and damages sustained by the Plaintiffs, if any, were caused by the intervening act(s) and/or negligence of Plaintiffs and/or an unaffiliated third party for whom Amazon was not and is not responsible or liable.

**TWELFTH AFFIRMATIVE DEFENSE**

The actions of Amazon, in no way, caused or contributed to the Plaintiffs' injuries and/or damages, if any.

**THIRTEENTH AFFIRMATIVE DEFENSE**

No act or omission of Amazon was a cause in fact or a proximate cause of the injuries and damages sustained by the Plaintiffs, if any.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As to each cause of action, Plaintiffs failed, refused and neglected to take reasonable steps to mitigate the damages alleged, if any, thus barring or diminishing Plaintiffs' recovery herein.

. . .

282063688v.1

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' conduct and activities, including but not limited to unreasonable delay in advising Amazon of any claims they had in this action, bars and/or diminishes Plaintiffs' recovery herein under the doctrines of estoppel, waiver, and/or laches.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Any damages suffered by Plaintiffs were caused by an independent, intervening, or superseding cause or causes over which Amazon had no control or authority.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs did not exercise ordinary care, caution or prudence to avoid the subject incident and Plaintiffs' resulting injuries and damages sustained, if any, were directly and proximately contributed to and caused by the fault, carelessness, and/or negligence of Plaintiffs.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Amazon is informed and believes, and thereon alleges, that he is not legally responsible in any fashion with respect to damages and injuries claimed by Plaintiffs in the Amended Complaint; however, if Amazon is subject to any liability to Plaintiffs or any other party herein, it will be due, in whole or in part, to acts, omissions, activities, carelessness, recklessness, and negligence of others, whether served or unserved; wherefore, any recovery obtained by Plaintiffs against Amazon should be reduced in proportion to the respective negligence, fault, and legal responsibility of all other parties, persons, and entities, including their agents, servants, and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative negligence; the liability of Amazon, if any, is limited in direct proportion to the percentage of fault actually attributed to Amazon except as reduced by implied or express contractual indemnity.

**NINETEENTH AFFIRMATIVE DEFENSE**

If Plaintiffs herein suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiffs, thereby completely or partially barring Plaintiffs' recovery herein.

. . .

282063688v.1

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to name an indispensable party to this action for full and adequate relief.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Amazon is not legally responsible for the acts and/or omissions of those parties named herein as fictitious Doe, Roe Entities, or named as any other entity.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs assumed the risk for the activities performed which allegedly caused the injury based on the nature of the activity.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Amazon is not legally responsible for Plaintiffs' damages, if any, which result from a violence of nature or sudden emergency beyond Amazon's control.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

That it has been necessary for Amazon to employ the services of any attorney to defend against this action and a reasonable sum should be awarded to Amazon as and for attorneys' fees, together with its costs expended in defending against this action.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Pursuant to FRCP 8 and 9, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon filing the Answer, therefore, Amazon reserves the right to amend this Answer to allege additional Affirmative Defenses as subsequent investigation warrants.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Nevada law provides that a negligent defendant should be held severally liable only for the percentage of fault apportioned to it where a plaintiff has sued multiple tortfeasors and recovery is allowed against more than one defendant. *See,* NRS 41.141, *Café Moda, LLC, v. Palma*, 128 Nev. 78, 272 P.2d. 137 (2012), *Humphries v. Eighth Judicial District Court*, 129 Nev. 788, 795, 312 P.3d 484, 489 (2013).  Amazon denies any and all liability in this matter; however, to the extent that any liability is found to exist and judgment is granted to Plaintiffs, Amazon is entitled to an

apportionment of liability with respect to other Defendants, and each of them, for their conduct, acts and/or omissions to act as stated herein.

Wherefore, Amazon prays for judgment as follows:

1.     That the Plaintiffs takes nothing by way of their Complaint and that the same is dismissed with prejudice;

2.     That Amazon be awarded a reasonable sum as and for attorneys' fees; and

3.     For such other and further relief as the Court may deem proper.

## **CROSS-CLAIM**

COMES NOW Defendant/Cross-Claimant AMAZON.COM, INC. (hereinafter "Amazon") by and through his attorneys of record, Karen L. Bashor and Christopher D. Phipps, of the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and for its Cross-Claim against VOKHIDZMON ABDUKARIMOV, OXOS, LLC, INKAS, LLC, and BXT, INC., alleges and complains as follows:

1.     Cross-Claimant Amazon is a Delaware corporation licensed to conduct business in Clark County, State of Nevada.

2.     On information and belief, Cross-Defendant VOKHIDZMON ABDUKARIMOV was at all times relevant hereto a resident of the State of Georgia at all times relevant hereto.

3.     On information and belief, Cross-Defendant OXOS, LLC, was a foreign corporation with its principal offices located in the State of Illinois at all times relevant hereto.

4.     On information and belief, Cross-Defendant INKAS, LLC, was foreign limited liability company with its principal offices located in the State of Illinois at all times relevant hereto

5.     On information and belief, Cross-Defendant BXT, INC., was foreign corporation with its principal offices located in the State of Illinois at all times relevant hereto.

. . .

. . .

282063688v.1

## **GENERAL ALLEGATIONS**

6.      Amazon adopts by reference and makes part hereof each and all of the allegations contained in the Plaintiffs' Amended Complaint for the sole purpose of establishing that said allegations have been made against Amazon, but without admitting the truth or veracity thereof except to such allegations that have been admitted in Amazon's Answer to Plaintiffs' Amended Complaint.

7.      Among other things, Plaintiffs allege that they suffered serious injuries in a motor vehicle collision which occurred on or about April 30, 2021.

8.      Plaintiffs allege that VOKHIDZMON ABDUKARIMOV was driving a commercial 2019 Freightliner Tractor-Trailer behind Plaintiffs' vehicle while pulling a 53- foot box trailer.

9.      Plaintiffs allege that while their vehicle was stopped or slowed for traffic, the vehicle driven by VOKHIDZMON ABDUKARIMOV failed to slow or stop striking the vehicle in front of his and then causing a multi-vehicle collision involving Plaintiffs' vehicle.

10.     Plaintiffs' allege that they each suffered serious bodily injuries as a result of the collision(s).

11.     The Nevada Highway Patrol investigated the collision and reported the incident in a Traffic Crash Report as "Crash Number: NHP210402132."

12.     According to the Nevada Highway Patrol Traffic Crash Report, VOKHIDZMON ABDUKARIMOV was operating his vehicle under the motor carrier authority of BXT, INC., at the time of the subject traffic collision.

13.     The vehicle driven by VOKHIDZMON ABDUKARIMOV displayed signage indicating that he was also operating his vehicle under the motor carrier authority of INKAS, LLC, at the time of the subject traffic collision.

14.     Among other things, Amazon contracts with independent third-party DOT licensed motor carriers to transport 53-foot box trailers between its various facilities.

282063688v.1

15.    On or about October 31, 2020, INKAS, LLC, accepted the Amazon Relay Carrier Terms of Service and Amazon Relay Program Policies (collectively "Amazon Agreement") and agreed to be bound by its terms in order to transport Amazon trailers.

16.    Prior to the subject collision involving Plaintiffs' vehicle, INKAS, LLC, had accepted Amazon's trailer involved in the subject collision for transport from Henderson, Nevada, to Kenosha, Wisconsin, pursuant to the terms and conditions of the Amazon Agreement.

17.    The subject Amazon trailer was under the control and dispatch of INKAS, LLC, at the time of the subject collision with Plaintiffs' vehicle.

18.    According to the Nevada Highway Patrol Traffic Crash Report, OXOS, LLC, was the legal and/or registered owner of the tractor motor vehicle unit driven by VOKHIDZMON ABDUKARIMOV at the time of the subject collision.

19.    As the legal and/or registered owner of the tractor motor vehicle unit driven by VOKHIDZMON ABDUKARIMOV at the time of the subject collision, OXOS, LLC, had control over and was responsible for the proper entrustment and operation of the vehicle.

20.    Upon information and belief, VOKHIDZMON ABDUKARIMOV was acting as an employee of INKAS, LLC, and/or BXT, INC., at the time of the subject collision with Plaintiffs' vehicle.

21.    Upon information and belief, VOKHIDZMON ABDUKARIMOV and/or BXT, INC., were operating as agents, affiliates and/or subcontractors to INKAS, LLC, at time of the subject collision with Plaintiffs' vehicle.

22.    Amazon did not authorize or approve BXT, INC., to transport its trailer.

23.    Amazon did nothing to cause or contribute to the subject collision with Plaintiffs' vehicle.

24.    Amazon did nothing to cause or contribute to Plaintiff's alleged damages arising out of the subject collision with Plaintiffs' vehicle.

282063688v.1

# FIRST CLAIM FOR RELIEF
## (Express Indemnity against INKAS, LLC)

25.    Amazon states re-alleges, incorporates and adopts all preceding paragraphs of this Cross-Claim as if fully set forth herein.

26.    On or about October 31, 2020, to the subject collision with Plaintiffs' vehicle, INKAS, LLC, accepted the Amazon Agreement which includes the following provision as Section 8 of the Amazon Relay Carrier Terms of Services, among other applicable provisions:

> 8.    <u>Indemnification</u>. Your company will defend, indemnify, and hold harmless Amazon and its Affiliates, and its and their respective directors, officers, employees, and agents (the "<u>Amazon Parties</u>") from any third-party claim, liability, loss, damage, cost or expense (including reasonable legal fees) ("<u>Claims</u>") incurred by any Amazon Party arising from or relating to: (a) any death of or injury to any person, loss or damage to any property or any other loss due to an act or omission by your company, its Affiliates, or any of their respective Personnel, (b) your company's breach of this Agreement, (c) any infringement or misappropriation of any Proprietary Right, or (d) any negligence, strict liability, fraud or willful misconduct of your company, its Affiliates, or any of their respective Personnel.

27.    On or about October 31, 2020, to the subject collision with Plaintiffs' vehicle, INKAS, LLC, accepted the Amazon Agreement which includes the following provision as Section V of the Amazon Relay Program Policies, among other applicable provisions:

> V.    <u>Insurance</u>:
>
> A.    <u>Required Insurance Policies.</u> Your company will, at all times during which it provides the Services carry, at its expense (and ensure that any subcontractor permitted under Section I.E.2.c of this Overview carry), the following insurance policies:
>
> 1.    <u>Commercial General Liability</u>:
> a.    limit of not less than $1,000,000 per occurrence and $2,000,000 in the aggregate; and
> b.    naming Amazon and its Affiliates, and their respective officers, directors, employees, successors, assigns, licensees, distributors, contractors, and agents as additional insureds.
> 2.    <u>Automobile Liability</u>:
> a.    insuring bodily injury and property damage arising from all owned, non-owned and hired vehicles, and attached trailers (including Trailer Assets and any third-party Carrier Equipment as applicable) ("<u>Any Auto</u>

282063688v.1

Coverage"), with minimum limits of liability of $1,000,000 combined single limit, per accident;

b.  including collision, towing and comprehensive physical damage coverage with limits of $50,000 to cover the full replacement value of Trailer Assets and any third-party Carrier Equipment, as applicable;

c.  naming Amazon as a loss payee; and

d.  naming Amazon and its Affiliates, and their respective officers, directors, employees, successors, assigns, licensees, distributors, contractors and agents as additional insureds.

28.    Plaintiffs' Amended Complaint directly implicates the acts and omissions of INKAS, LLC, and expressly relates to the actions of INKAS, LLC, and/or its Personnel as set forth in the Amazon Agreement, as VOKHIDZMON ABDUKARIMOV was acting as an employee and/or agent of INKAS, LLC, at the time of the subject collision with Plaintiffs' vehicle.

29.    Plaintiffs' Amended Complaint directly implicates the acts and omissions of INKAS, LLC, and expressly relates to the actions of INKAS, LLC, and/or its Personnel as set forth in the Amazon Agreement, as VOKHIDZMON ABDUKARIMOV was operating his vehicle under the dispatch and motor carrier authority of INKAS, LLC, at the time of the subject collision with Plaintiffs' vehicle.

30.    Pursuant to the express terms of the Amazon Agreement, INKAS, LLC, is obligated to fully defend, indemnify, and hold harmless Amazon, and any Amazon affiliates, for any damages which may be awarded to Plaintiffs arising out of the subject collision with Plaintiffs' vehicle.

31.    INKAS, LLC, has breached its obligations to Amazon by refusing to defend, indemnify, and hold harmless Amazon, and any Amazon affiliates, for any damages which may be awarded to Plaintiffs arising out of the subject collision with Plaintiffs' vehicle.

32.    Pursuant to the express terms of the Amazon Agreement, INKAS, LLC, was obligated to obtain auto liability insurance coverage naming Amazon as an additional insured with coverage of at least $1,000,000.

282063688v.1

33.     INKAS, LLC, has breached its obligations to Amazon by failing to provide insurance coverage to cover the claims alleged against Amazon in Plaintiffs' Amended Complaint.

34.     Amazon has been compelled to retain the services of legal counsel to prosecute this Cross-Claim and it is therefore entitled to recover reasonable attorneys' fees and costs therefore.

### SECOND CLAIM FOR RELIEF
### (Implied and Equitable Indemnity against OXOS, LLC, INKAS, LLC, BXT, INC., and VOKHIDZMON ABDUKARIMOV)

35.     Amazon states re-alleges, incorporates and adopts all preceding paragraphs of this Cross-Claim as if fully set forth herein.

36.     As alleged in more detail in Plaintiffs' Amended Complaint, Plaintiffs allege they each suffered serious bodily injuries as the result of the negligence of VOKHIDZMON ABDUKARIMOV arising out of the subject collision with Plaintiffs' vehicle.

37.     At the time of the subject collision with Plaintiffs' vehicle, VOKHIDZMON ABDUKARIMOV had a duty to operate his vehicle in safe and reasonable manner so as not to collide with other vehicles.

38.     At the time of the subject collision with Plaintiffs' vehicle, VOKHIDZMON ABDUKARIMOV breached his duty of care by failing to stop or slow his vehicle for traffic in front of him, thereby colliding with Plaintiffs' vehicle.

39.     According to the Nevada Highway Patrol Traffic Crash Report, OXOS, LLC, was the legal and/or registered owner of the tractor motor vehicle unit driven by VOKHIDZMON ABDUKARIMOV at the time of the subject collision.

40.     As the legal and/or registered owner of the tractor motor vehicle unit driven by VOKHIDZMON ABDUKARIMOV at the time of the subject collision, OXOS, LLC, had control over and was responsible for the proper entrustment and operation of the vehicle.

41.     As the legal and/or registered owner of the tractor motor vehicle unit driven by VOKHIDZMON ABDUKARIMOV at the time of the subject collision, OXOS, LLC, breached its

duty of care by negligently entrusting its tractor motor vehicle unit to VOKHIDZMON ABDUKARIMOV when it knew or should have known it was likely that VOKHIDZMON ABDUKARIMOV would operate the tractor motor vehicle unit in a negligent or unsafe manner.

42.    VOKHIDZMON ABDUKARIMOV was acting as an employee and/or agent of INKAS, LLC, and/or BXT, INC., at the time of the subject collision with Plaintiffs' vehicle.

43.    INKAS, LLC, and/or BXT, INC., are vicariously liable for the conduct to VOKHIDZMON ABDUKARIMOV pursuant to Nevada Revised Statutes 41.130 and the doctrines of master/servant and/or respondeat superior.

41.    At the time of the subject collision with Plaintiffs' vehicle, VOKHIDZMON ABDUKARIMOV was operating his vehicle under the dispatch, control, and/or motor carrier authority of INKAS, LLC, and/or BXT, INC.

42.    INKAS, LLC, and/or BXT, INC., are legally responsible and/or liable for the conduct of drivers operating under their dispatch and/or motor carrier authority.

43.    Amazon denies any and all liability in this matter.   However, to the extent VOKHIDZMON ABDUKARIMOV, OXOS, LLC, INKAS, LLC, and/or BXT, INC., breached any duty owed to Plaintiffs, VOKHIDZMON ABDUKARIMOV, OXOS, LLC, INKAS, LLC, and/or BXT, INC., are liable to Amazon for implied or equitable indemnity from OXOS, LLC, INKAS, LLC, and/or BXT, INC., for any liability Amazon may have to Plaintiffs in this action.

44.    Amazon has or will discharge a legal obligation owed to Plaintiff.

45.    VOKHIDZMON ABDUKARIMOV, OXOS, LLC, INKAS, LLC, and/or BXT, INC., from whom Amazon seeks liability and indemnification, are also liable to Plaintiffs.

46.    Between Amazon and VOKHIDZMON ABDUKARIMOV, OXOS, LLC, INKAS, LLC, and/or BXT, INC., from whom Amazon seeks indemnification, the obligation ought to be discharged by VOKHIDZMON ABDUKARIMOV, OXOS, LLC, INKAS, LLC, and/or BXT, INC.

47.    Amazon has been compelled to retain the services of legal counsel to prosecute this Cross-Claim and it is therefore entitled to recover reasonable attorneys' fees and costs therefore.

### THIRD CLAIM FOR RELIEF
### (Apportionment)

48.    Amazon states re-alleges, incorporates and adopts all preceding paragraphs of this Cross-Claim as if fully set forth herein.

49.    Amazon denies any and all liability in this matter.  However, to the extent that any liability is found to exist and judgment is granted to Plaintiffs, Amazon is entitled to an apportionment of liability with respect to VOKHIDZMON ABDUKARIMOV, OXOS, LLC, INKAS, LLC, and/or BXT, INC., for their conduct, acts and/or omissions to act as stated herein.

50.    Amazon has been compelled to retain the services of legal counsel to prosecute this Cross-Claim and it is therefore entitled to recover reasonable attorneys' fees and costs therefore.

### FOURTH CLAIM FOR RELIEF
### (Contribution)

51.    Amazon states re-alleges, incorporates and adopts all preceding paragraphs of this Cross-Claim as if fully set forth herein.

52.    Based upon the conduct, acts and/or omissions of VOKHIDZMON ABDUKARIMOV, OXOS, LLC, INKAS, LLC, and/or BXT, INC., if a judgment is entered on behalf of Plaintiffs, Amazon is entitled to contribution from VOKHIDZMON ABDUKARIMOV, OXOS, LLC, INKAS, LLC, and/or BXT, INC., in an amount appropriate to the amount of negligence and/or fault attributable to VOKHIDZMON ABDUKARIMOV, OXOS, LLC, INKAS, LLC, and/or BXT, INC.

53.    Amazon has been compelled to retain the services of legal counsel to prosecute this Cross-Claim and it is therefore entitled to recover reasonable attorneys' fees and costs therefore.

. . .

. . .

282063688v.1

1

### PRAYER

2

Wherefore, Cross-Claimant AMAZON.COM, INC., prays for judgment as follows:

3

    1.    For apportionment for all damages and/or economic losses that Plaintiffs may recover

4

against Cross-Claimant by way of judgment, order, settlement, compromise or trial;

5

    2.    For indemnity for all damages and/or economic losses that Plaintiffs may recover

6

against Cross-Claimant by way of judgment, order, settlement, compromise or trial;

7

    3.    For contribution in accord with respect fault;

8

    4.    For an award of reasonable attorneys' fees and costs incurred in the prosecution of

9

this Crossclaim; and

10

    5.    For such other and further relief as this Court may deem just and proper.

11

DATED this 20th day of April, 2023.

12

13

                  WILSON, ELSER, MOSKOWITZ,
                  EDELMAN & DICKER LLP

14

15

By:   */S/ Christopher D. Phipps  #3788*
                  KAREN L. BASHOR

16

                  Nevada Bar No.: 11913
                  CHRISTOPHER D. PHIPPS

17

                  Nevada Bar No. 3788
                  6689 Las Vegas Blvd. South, Suite 200

18

                  Las Vegas, Nevada 89119
                  *Attorneys for Defendant Amazon.com, Inc.*

19

20

21

22

23

24

25

26

27

28

282063688v.1

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of Wilson Elser Moskowitz Edelman & Dicker LLP, and that on this 20th of day of April, 2023, I served a true and correct copy of **AMAZON.COM, INC.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND CROSS-CLAIM** as follows:

☒     via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk

☐     by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada

Richard A. Harris, Esq.
Johnathan Leavitt, Esq.
RICHARD HARRIS LAW FIRM
801 South 4th Street
Las Vegas, NV 89101
jleavitt@richardharrislaw.com
*Attorneys for Plaintiffs*


By:      ___/s/Annemarie Gourley_____
        An Employee of WILSON ELSER MOSKOWITZ
        EDELMAN & DICKER LLP

282063688v.1